| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------x<br>In re:<br><br>Darby General Contracting, Inc.<br>d/b/a Darby Glass Company,<br><br><br><br>                                            Debtor.<br>-------------------------------------------------------------x | FOR PUBLICATION<br><br><br>Case No. 08-74755-AST<br><br>Chapter 11 |

APPEARANCES:

Ronald D. Weiss, Esq.
734 Walt Whitman Road
Suite 203
Melville, New York 11747

Diana G. Adams, Esq.
United States Trustee
Office of the United States Trustee
Alfonse M. D'Amato Federal Courthouse
560 Federal Plaza - Room 560
Central Islip, New York 11722-4437

**MEMORANDUM OPINION AND ORDER DENYING DEBTOR'S MOTION TO
EXTEND TIME TO CONFIRM A PLAN OF REORGANIZATION
AND DENYING EMERGENCY MOTION TO RECONSIDER**

**Issues Before the Court and Summary of Ruling**

Debtor, Darby General Contracting, Inc. ("Debtor") filed a Motion to Extend Time to Confirm a Plan of Reorganization Pursuant to Sections 1129(e) and 1121(e)(3) of the Bankruptcy Code (the "Confirmation Deadline Motion") on July 21, 2009. [dkt item 55 ]  Debtor sought an emergency hearing on the Confirmation Deadline Motion, pursuant to E.D.N.Y. LBR 9077-1.  On July 21, 2009, this Court entered an Order that the Confirmation Deadline Motion would be heard on August 4, 2009, at 2:00 p.m. [dkt item 56]

The hearing was held as scheduled, and for the reasons stated on the record, the Confirmation Deadline Motion was denied. That denial was "So Ordered" on the record and appears on the August 4, 2009, written entry on the Court's CM/ECF docket.

On August 5, 2009, Debtor filed an Emergency Motion to Authorize/Direct an Expedited Hearing Prior to August 8, 2009 to Reconsider the Debtor's Previous Order to Show Cause Requesting an Extension of Time to Confirm a Plan of Reorganization Pursuant to Sections 1129(e) and 1121(e)(3) of the Bankruptcy Code (the "Motion to Reconsider"). [dkt item 61] Because the Motion to Reconsider presents no contrary controlling decisions and no data that the Court overlooked in denying the Confirmation Deadline Motion, and simply seeks to reargue what could have been argued on August 4, 2009, the Motion to Reconsider will also be denied.

## Jurisdiction

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (L), and 1334(b), and the Standing Order of Reference in effect in the Eastern District of New York.

## Findings of Fact and Conclusions of Law

The Court makes the following findings of fact and conclusions of law, in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## Procedural History

Debtor filed a petition for relief under Chapter 11 with this Court on September 4, 2008 (the "Petition Date"). Debtor made a timely election to be

treated as a "small business debtor" within the meaning of Section 101(51D) of the Bankruptcy Code. The election was made as a part of Debtor's voluntary petition. [dkt item 1]

Debtor did not initially file its small business balance sheet, its small business cash flow statement, its small business statement of operations, or its small business tax return. Debtor did, however, file its schedules on the Petition Date. [dkt item 1] Debtor filed amended schedules on October 1, 2008 [dkt item 15], and again on November 6, 2009. [dkt item 18] Debtor filed a cash flow statement on September 26, 2008. [dkt item 13]

On October 3, 2008, Debtor filed a Motion denominated as Motion to Assume Nonresidential Lease for Real Property (the "Assumption Motion"). [dkt item 16] The Assumption Motion related to Debtor's lease of its primary business location (the "Lease"). However, Debtor attached the Assumption Motion to a Notice of Motion, which represented that the Assumption Motion was actually an expedited Motion to Extend Time to Assume or Reject Lease to Non-Residential Real Property (the "Notice"). [dkt item 16]

On October 14, 2008, Debtor filed a letter asking the Court to adjourn the hearing on the Assumption Motion, on consent of the United States Trustee, to December 3, 2008. Debtor's request for adjournment was granted.

On December 2, 2008, Debtor asked to again adjourn the hearing on the Assumption Motion. Debtor asked for an adjournment of several months, "as far

out as possible.[1]  Based on Debtor's request, the hearing on the Assumption Motion was adjourned until February 4, 2009.

On December 12, 2008, Debtor filed a Motion to Extend Time to Assume Lease for Non-Residential Property (the "Extension Motion). [dkt item 24]  The Extension Motion also addressed the Lease, and had an attached stipulation with the landlord that extended the time to seek to assume or reject the lease for one hundred and twenty (120) days from the date of this Court's approval (the "Stipulation").  On January 21, 2009, this Court approved the Stipulation. [dkt item 27]

On February 4, 2009, Debtor appeared at the hearing on the Assumption Motion.  At that hearing, Debtor requested a further adjournment because it was still evaluating whether to assume the Lease.  In light of the Stipulation, this Court granted a further adjournment, and rescheduled a hearing on the Assumption Motion for April 15, 2009.

On April 15, 2009, Debtor appeared at the hearing on the Assumption Motion.  Debtor again requested a further adjournment, and like its prior requests, Debtor stated it was still evaluating whether to assume the Lease.  The time for assumption or rejection agreed to in the Stipulation would expire in May 2009.  The outside period of 210 days which this Court could allow for Debtor to seek assumption or rejection under § 365(d)(4) without the landlord's consent

---

[1] This Court's published procedures in effect prior to and in December 2008 allowed requests for adjournments to be submitted by email to the courtroom deputy, but such requests are required to be submitted no less than two business days prior to the scheduled hearing.

had already run before the April 15 hearing. Therefore, this Court granted a brief adjournment until May 6, 2009. In addition, due to the lack of progress toward confirmation in this case, and due to the Debtor's failure to file operating reports as and when due, on April 15, this Court issued an Order ("April 15 Order") setting a general case status conference for May 6, 2009 ("May 6 Hearing"). [dkt item 35] The April 15 Order provided as follows:

> **ORDERED**, that the Debtor shall file with the Court, and serve upon the Office of the United States Trustee, monthly operating reports during the pendency of this case; that the operating reports shall be in the form prescribed by the Office of the United States Trustee's Operating Guidelines and Reporting Requirements for Debtors-in-Possession and Trustees for cases pending in this District; and that the operating reports shall be served and filed on or before the 20th day of the month following the reporting period; and it is further
>
> **ORDERED, that unexcused failure to comply with the foregoing paragraphs of this Order may constitute cause for conversion of the case to Chapter 7 or dismissal of the case pursuant to 11 U.S.C. § 1112[.]**

[dkt item 35](emphasis in original).

At the May 6 Hearing, this Court reminded Debtor's counsel of the strict time requirements affecting confirmation deadlines in this small business case, and scheduled a further status hearing for July 15, 2009, at 9:30 am. This Court also directed Debtor to file a Plan and Disclosure Statement in time for same to be considered by the Court on July 15, 2009, and also set time aside on July 15 for a confirmation hearing. This Court further instructed Debtor to submit a copy of its disclosure statement upon filing to the office of the United States Trustee ("UST") for consideration, after which this Court would consider conditional

5

approval in accordance with Bankruptcy Rule 3017.1.

On June 5, 2009, per this Court's instruction, the Debtor filed its proposed Plan of Reorganization ("Plan") [dkt item 43], and an accompanying Disclosure Statement ("Disclosure Statement"). [dkt item 44]

On June 19, 2009, Debtor filed an Amended Disclosure Statement ("Amended Disclosure Statement")[dkt item 53], as well as an Affidavit Re: Extension of Deadline to Obtain Conditional Approval of U.S. Trustee for Disclosure Statement. [dkt item 51] In that Affidavit, Debtor requested to be given until June 22, 2009, to obtain the consent of the UST to conditional approval of its Amended Disclosure Statement because it had "just filed an amended disclosure statement with projections and a liquidation analysis," and that Debtor needed this time because it was delayed by its bookkeeper. Debtor's initial Disclosure Statement was completely lacking in any projections and contained only a minimal liquidation analysis. The lack of projections was astonishing, given that Debtor's Plan called for payments to be made over a five (5) year period following confirmation. Further, Debtor's request to be given until June 22 to obtain UST consent was difficult to fathom, since a June 22 conditional approval of the Amended Disclosure Statement would not provide the required twenty-five (25) days' notice of a July 15 hearing on final approval of the Disclosure Statement and confirmation of the Plan. *See* FED. R. BANKR. P. 2002(b), 3017(d), and 3017.1(c).

On July 8, 2009, Debtor requested an adjournment of the July 15 hearing. The stated reason for this adjournment request was because Debtor still had not

provided the information requested by the UST in order for the UST to state a lack of objection to the Amended Disclosure Statement, and that Debtor had tentatively agreed to a meeting with the UST for July 17, 2009. Debtor requested an adjournment of the status conference until July 28, 2009.

This Court denied this adjournment request and required Debtor to appear on July 15, 2009.

At the July 15 hearing, Debtor's counsel still seemed to be unaware of the deadlines imposed by the Bankruptcy Code for obtaining confirmation of a plan of reorganization in a small business case. This Court reminded counsel of the deadlines, and also recommended that Debtor's counsel read this Court's published opinion on this particular topic, *In re AMAP Sales & Collision, Inc.,* 403 B.R. 244 (Bankr. E.D.N.Y.2009), as well the opinion in *In re Save Our Springs (S.O.S.) Alliance, Inc.*, 393 B.R. 452 (Bankr. W.D. Tex. 2008), which includes Judge Gargotta's extensive analysis of the timing mechanics and other important issues affecting confirmation in a small business case. This Court admonished Debtor's counsel that if he intended to seek an extension of the Debtor's deadline to obtain confirmation, he needed to act with all dispatch, and needed to present evidence from which this Court could find that an extension was warranted.

Notwithstanding the events of July 15, 2009, Debtor waited until July 21, 2009, to file the Confirmation Deadline Motion seeking an extension of the confirmation deadline. The Confirmation Deadline Motion was, therefore, filed on the forty-sixth (46th) day following the June 5, 2009, filing of the Plan. In addition, as cause for the extension, Debtor recited only that it "is earnest in

moving toward confirmation and per the representation of the U.S. Trustee appears likely to have a plan confirmed[.]" [dkt item 55 ¶ 5]  The notice of the Confirmation Deadline Motion initially provided by Debtor on July 21 was the mailing of the motion only to the UST, the Debtor, and two creditors (Utica Mutual and Caterpillar Finance) [dkt item 57].  However, Debtor did provide supplemental service on the same day by mail to "[a]ll unsecured creditors." [dkt item 58]

This Court also notes that, even though this case was filed on September 4, 2008, it was not until late July 2009 that Debtor requested this Court set a bar date for the filing of claims.  The initial bar date order submitted by Debtor was inadequate.  On July 30, 2009, that Debtor filed a motion to set a bar date ("Bar Date Motion"). [dkt item 59]  However, the Bar Date Motion incorrectly referred to a non-existent "Rule 23" of the Eastern District of New York Local Rules, and contrary to published procedures,[2] referred to a self-selected deadline of September 3, 2009, for objections to the Bar Date Motion to be filed.

### **Debtor's Request for Extension of the Confirmation Deadline**

In the Confirmation Deadline Motion, Debtor alleged, *inter alia*, as follows:

> 1. On September 4, 2008 (the "Filing Date"), the Debtor, as a "small business debtor" within the meaning of section 101(51D) of the Bankruptcy Code, (the "Code"), filed with this Court a voluntary petition under chapter 11 of the Bankruptcy Code. As a small business debtor, the Debtor is subject to the provisions of the Code that are applicable in a "small business case". See Section 101(51C) of the Code.

---

[2] This Court considers applications to set a bar date in a Chapter 11 case *ex parte*.

8

2. The Debtor has continued in the possession of its assets and the operation of its business as a debtor-in-possession. No Creditors' Committee has been appointed in the case.

3. Section 1121(e) of the Code requires that the Debtor file its "plan and disclosure statement not later than 300 days after the date of the filing of the order for relief." On July 1, 2009 would have been the 300th day after the filing of the petition. Prior to the 300th day, on June 5, 2009, **per this Court's instruction,** the Debtor filed its proposed disclosure statement and plan of reorganization (Doc. 43) (the "Plan"), and an accompanying disclosure statement (Doc. 44) (the "Disclosure Statement").

4. Under Section 1129(e) of the Code, the Plan must be confirmed within 45 days after it is filed "unless the time for confirmation is extended in accordance with section 1121(e)(3)." **On August 15, 2009 would be the 345th day after the filing of the petition.**

5. The Code allows an extension of the time for confirmation. Section 1121(e)(3) provides that the 45 days period may be extended only if –

> (a) the debtor, after providing notice to parties in interest (including the United States Trustee), demonstrates by a preponderance of the evidence that it is more likely than not that the court will confirm a plan within a reasonable time;
>
> (b) a new deadline is imposed at the time the extension is granted; and
>
> (c) the order extending time is signed before the existing deadline has expired.

The 45 day period to obtain confirmation of the Plan presently expires on August 15, 2009 and because the Debtor is earnest in moving toward confirmation and per the representation of the U.S. Trustee appears likely to have a plan confirmed the Debtor requests an extension of time to confirm its plan.

6. By this Motion, and for the reasons set forth below, the Debtor respectfully requests that the Court enter an Order

> extending the Debtor's time to confirm the Plan for ninety (90) days from the present deadline of August 15th, 2009 until approximately November 12, 2009.

[dkt item 55](emphasis supplied by the Court).

Debtor's lead counsel, Ronald D. Weiss, Esq., did not appear at the August 4, 2009, hearing. Instead, Mr. Weiss sent an associate of his firm who, while well meaning, admitted he was unfamiliar with all of the facts of the case, had been handed the file that afternoon, and mostly practiced in chapter 7 and chapter 13 cases. In addition, neither the principal nor any other agent of the Debtor attended this hearing, and no evidence was submitted to support the requested extension. The UST did attend and stated that it did not oppose the extension.

The Court denied the extension on two grounds. First, that it was untimely under Section 1129(e). Second, even if considered timely, Debtor failed to meet its burden of proof under Section 1121(e)(3).

According to Debtor's Plan, the Debtor's primary creditors are the New York State Department of Taxation and Finance ("NYS Tax"), the Internal Revenue Service ("IRS"), Colonial Glass, and Ford Motor Credit.[3] Debtor did not list Caterpillar, Utica Mutual, or the landlord as creditors in its Plan. Without a bar date, it is extremely difficult for the Court to gauge who the creditors are that are likely to be affected by the Plan, and, therefore, whether confirmation is likely.

---

[3] Although the "amended" affidavit of service on July 21, 2009 [dkt item 58], states that Debtor served the Confirmation Deadline Motion on "all unsecured creditors," it remains unclear whether it included the creditors listed above, and these creditors are not separately listed on the service list.

Further, Debtor's Plan is internally inconsistent. Debtor's Plan proposes in Article VI to pay all of its secured, administrative, priority, and general unsecured claims over five (5) years. However, Debtor's Plan proposes in Article II to pay the secured, administrative, and priority claims of NYS and IRS in full on the effective date of the Plan. This internal inconsistency had not been reconciled by an amended plan.

## **Legal Analysis**

Debtor is a "small business debtor" within the meaning of Section 101(51D) of the Bankruptcy Code. In the 2005 amendments to the Bankruptcy Code,[4] Congress added certain specific, time-sensitive provisions for small business debtors seeking to confirm a plan or reorganization.[5] In Section 1121(e)(1), the Code addresses the small business debtor's time to file a plan and disclosure statement, by first providing that only the debtor may file a plan for the first 180 days after the date of the order for relief, but that the debtor must file a plan within 300 days. 11 U.S.C. § 1121(e)(1). Under Section 1121(e)(2), the 180-day exclusivity period may be extended for cause, but only to a date which is no more than 300 days after the date of the order for relief.

---

[4] Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub.L. No. 109-8, 119 Stat. 23 (2005).

[5] The Bankruptcy Code and Rules also contain specific provisions governing approval of a disclosure statement in a small business case. Under Section 1125(f), the Court may dispense with a separate hearing on a disclosure statement by, *inter alia*, "finding that the plan itself provides adequate information and that a separate disclosure statement is not necessary" (§ 1125(f)(1)), or by conditionally approving a disclosure statement "on application of a plan proponent," subject to final approval in conjunction with the hearing on confirmation of the plan. § 1125(f)(3); FED. R. BANKR. PROC. 3017.1. Adequacy of a small business disclosure statement is addressed in *In re J.D. Mfg., Inc.*, No. 07-36751, 2008 WL 4533690 (Bankr. S.D. Tex. Oct. 2, 2008).

Regardless of the date on which the plan is filed, the Court must confirm an appropriate plan within forty-five (45) days after filing of the Plan, pursuant to Section 1129(e), which provides as follows:

> In a small business case, the court shall confirm a plan that complies with the applicable provisions of this title and that is filed in accordance with section 1121(e)(3) not later than 45 days after the plan is filed unless the time for confirmation is extended in accordance with section 1121(e)(3).

28 U.S.C. § 1129(e).

Moreover, Section 1121(e)(3) provides as follows:

> (3) the time periods specified in paragraphs (1) and (2), and the time fixed in section 1129( e) within which the plan shall be confirmed, may be extended only if-
>
> (A) the debtor, after providing notice to parties (including the United States trustee), demonstrates by a preponderance of evidence that it is more likely than not that the court will confirm a plan within in a reasonable amount of time;
>
> (B) a new deadline is imposed at the time the extension is granted; and
>
> (C) the order extending the time is signed before the existing deadline has expired.

28 U.S.C. § 1121(e)(3).

In *AMAP*, this Court noted that limited case law has developed interpreting Section 1121(e)(3), and, specifically, the evidence required for the Court to find by "a preponderance of evidence that it is more likely than not that the court will confirm a plan within in a reasonable amount of time." *AMAP*, 403 B.R. at 247; *see also In re Save Our Springs (S.O.S.) Alliance, Inc.*, 388 B. R. 202, 229 (Bankr. W.D. Tex. 2008) (denying extension after a five-day confirmation trial).

As stated in *AMAP*, when the debtor fails to appear for the hearing on the

extension request or fails to submit any evidence in support of the motion, the court should deny the request:

> [T]he debtor failed to appear and also failed to file any documents in support of such an extension. As a consequence and as required by 11 U.S.C. § 1121(e)(3), no evidence meeting the preponderance standard having been submitted, the court entered an Order denying extension of confirmation deadline [-].

*AMAP,* 403 B.R. at 247 (citing *In re Luther*, No. 066-16303DK, 2007 WL 1063008 *2 (Bankr. D. Md. Mar. 22, 2007).

In this Court's view, and as stated in *AMAP*, the plain language of Section 1121(e)(3) requires only that "the Court find by a preponderance of evidence that it is more likely than not that the court will confirm *a* plan within a reasonable amount of time, not necessarily *the* plan which is before the Court at the time of hearing on the extension motion." *AMAP,* 403 B.R. at 247 (emphasis in original). Further, as also stated in AMAP, "the debtor is not required to put on a confirmation trial in order to obtain an extension of time to obtain confirmation." *Id.* at 248.

However, Debtor must provide sufficient evidence for the Court to make the required findings. Congress intended that bankruptcy courts be more active in "judicial oversight of small business bankruptcy cases, which often are the least likely to reorganize successfully." H. COMM. ON THE JUDICIARY, BANKRUPTCY ABUSE PREVENTION AND CONSUMER PROTECTION ACT OF 2005*,* H. Rep. No. 109-

31, pt. 1, at 92 (2005) (the "Report").[6]  To obtain an extension, a debtor must submit some evidence from which the Court can find that confirmation within a reasonable amount of time is likely.  At the August 4, 2009, hearing, Debtor was unable to state what progress, if any, it had made with either NYS Tax or the IRS.

This Court has fulfilled its function in this case by actively monitoring this case, and by closely reviewing the evidence submitted by Debtor to support the Confirmation Deadline Motion.[7]  Debtor failed to submit any evidence from which the Court could determine that the Court will confirm a plan within a reasonable amount of time.  Unlike the debtor in *AMAP*, the Debtor in this case simply has not acted with the diligence required in a small business case, nor demonstrated that it has made progress such that confirmation within a reasonable amount of time is likely.  On that alternative basis, the Confirmation Deadline Motion was denied.

---

[6] As cited in *AMAP*, in the Report, at page 19, Congress further stated as follows: "Most chapter 11 cases are filed by small business debtors. Although the Bankruptcy Code envisions that creditors should play a major role in the oversight of chapter 11 cases, this often does not occur with respect to small business debtors. The main reason is that creditors in these smaller cases do not have claims large enough to warrant the time and money to participate actively in these cases. The resulting lack of creditor oversight creates a greater need for the United States trustee to monitor these cases closely. Nevertheless, the monitoring of these debtors by United States trustees varies throughout the nation. S[enate Bill] 256 addresses the special problems presented by small business cases by instituting a variety of time frames and enforcement mechanisms designed to weed out small business debtors who are not likely to reorganize. It also requires these cases to be more actively monitored by United States trustees and the bankruptcy courts." *AMAP*, 403 B.R. at 248.

[7] The Court also notes that it cannot ascertain if service was properly effected in accordance with Section 1121(e)(3)(A).

**The Motion to Reconsider Will Also Be Denied.**

While not citing to any statute or rule, Debtor's Motion to Reconsider should be and is treated under Rule 9023 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 59 of the Federal Rules of Civil Procedure. Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked"—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. *Rafter v. Liddle*, 288 Fed. Appx. 768, 769 (2d Cir. 2008)(citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995)).  Further, to the extent that facts stated by Debtor in the Motion to Reconsider are not in the original record, neither this Court nor any reviewing court on appeal need consider same.  Motions to reconsider under Bankruptcy Rule 9023, as motions to reconsider under Federal Rule of Civil Procedure 59, "are not vehicles for 'taking a second bite at the apple[.]'" *Rafter,* 288 Fed.Appx. at 769 (citing *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir.1998)).  Facts that are not in the record of the original hearing cannot be said to be facts that the court "overlooked." *Rafter,* 288 Fed. Appx. at 769.  In its Motion to Reconsider, Debtor has pointed to no facts which were overlooked by this Court in denying the Confirmation Deadline Motion.

As for controlling decisions, Debtor cites only to *In re JMC Outfitters Co.,* No. 08-314390-C, 2009 WL 2046043 (Bankr. W.D. Tex. May 25, 2009), as authority that this Court may have overlooked.  First, *JMC Outfitters* is not

15

controlling precedent. Second, the court in *JMC Outfitters* did not reach a contrary conclusion on the statutory contours of either Section 1129(e) or Section 1121(e)(3). The construction of the statute and the proper method of counting the time periods for confirmation was not at issue in *JMC Outfitters*. While Judge Clark did comment on the demands imposed on a small business debtor to comply with its statutory requirement to confirm a plan within 45 days after the plan is filed, he did not, as Debtor suggests, hold that the 45-day requirement can be varied and extended to 345 days just because the plan is filed before the expiration of the 300-day deadline to file a small business plan imposed by Section 1121(e)(2). Debtor has misread *JMC Outfitters,* and therefore failed to cite controlling contrary precedent.

Therefore, the Motion to Reconsider will also be denied.

## **ORDER**

Based upon the foregoing, the Court has denied Debtor's Confirmation Deadline Motion, and denies Debtor's Motion to Reconsider.



Dated: August 14, 2009
Central Islip, New York

_____
**Alan S. Trust**
**United States Bankruptcy Judge**